[Civ. No. 1960.   Third Appellate District.—July 12, 1919.]

ELMER BROTHERS (a Copartnership), Appellant, v. W. H. CARPENTER, Respondent.

[1] SALES — EXPRESS WARRANTY — PLEADING, PROOF, AND FINDING — FINDING ON IMPLIED WARRANTY SURPLUSAGE.—In this action brought on two promissory notes given in consideration for the sale by plaintiff to defendant of certain fruit trees, the defendant having set up in his answer an express warranty as to the quality of the trees and the violation thereof, the court having so found, and the plaintiff not having attacked the sufficiency of the evidence to support such finding, the further finding of the court as to the existence of an implied warranty was mere surplusage.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. A. Plummer, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. M. Wright and Webster, Webster & Blewett for Appellant.

E. E. Keyes and J. C. Thomas for Respondent.

BURNETT, J.—The action was brought on two promissory notes given in consideration for the sale by plaintiff to defendant of about one thousand two hundred fruit trees. The defense was based upon the claim of the violation of an express warranty as to the quality of the trees. There were two counts in the complaint relating separately to the two notes and as to the first the court found: "That the said note referred to in paragraph II of these findings was wholly without any consideration whatever, in this, that the said note was executed by this defendant for fruit trees bought from the plaintiff by the said defendant; that the said purchase was made prior to the delivery and inspection of the said fruit trees; that the plaintiffs and each of them represented to the defendant that the fruit trees aforesaid were good, sound and healthy fruit trees and were not diseased; that this defendant believed the representations of the said plaintiffs and each of them; and relied implicitly upon their representation that the said fruit trees were good, sound and merchantable fruit trees and relying upon said representations which he believed at the date he executed the said note he did excute the same to the said plaintiffs; that the said fruit trees were not merchantable trees and were diseased with a black rot and were prohibited from being sold or planted or used as such fruit trees under the provisions of section 2322 of the Political Code of the state of California, (Stats. 1917, p. 627), and under the provisions of 2322i of the said Political Code, (Stats. 1917, p. 637), the said trees were condemned as not merchantable."

The finding as to the second count is similar except that it appears the defendant sold to other parties a portion of the trees, receiving therefor the sum of $52.60, and hence the judgment was in favor of plaintiff for that sum. Being dissatisfied, it appealed therefrom.

Appellant says: "The sole question to be determined by this court in this matter is whether or not an implied warranty arose from the transaction in question. The lower court specifically found that there was an implied warranty that the fruit trees sold by plaintiffs to defendant for which the notes were given were merchantable, and that the consideration for said notes failed by reason of the unmerchantable character of said trees sold."

[1] Appellant then proceeds to argue with quotations from certain cases, that the facts are not sufficient to show an

implied warranty, the point of the contention being that the general rule is that there is no implied warranty in a mere contract of sale (Civ. Code, sec. 1764), and that the evidence does not show the case to be within the exception provided in section 1771 of the same code, as follows: "One who sells or agrees to sell merchandise inaccessible to the examination of the buyer, thereby warrants that it is sound and merchantable." The matter is discussed because among the conclusions of law the trial court stated: "That there was an implied warranty that the fruit trees sold by plaintiff to defendant, for which said notes were given, were merchantable."

But it is clear that this may be entirely ignored without affecting the integrity of the judgment. The court fully found the facts as we have shown, from which the conclusion necessarily follows that the consideration for the notes failed, except as to the said $52.60, and that plaintiff was entitled to a judgment for only that amount. Indeed, from the facts the court properly concluded: "That the consideration for said notes failed by reason of the unmerchantable character of the trees sold, except to the extent of $52.60, value received by said defendant; that plaintiff is entitled to judgment in the sum of $52.60 without costs." The force and validity of these findings are not affected in the least by the erroneous inference that there was an implied warranty, instead of stating it to be, as it was, an *express* warranty.

We may add that as to this objection urged by appellant, there is evidence in the record to the effect that when the trees were purchased they were not *accessible* to the examination of respondent, as that term should be applied in a case like this, and the court might have found the fact in the language of said section 1771 of the Civil Code. The defendant, however, set up in his answer an express warranty and its violation. The court so found and the sufficiency of the evidence to support that finding is not attacked. We may, therefore, disregard the said statement as to an implied warranty as mere surplusage.

We conclude, after an examination of the record, that the decision was entirely just and the judgment is, therefore, affirmed.

Chipman, P. J., and Hart, J., concurred.